**MAGLY, Plaintiff-Appellant, v. MASONIC TEMPLE ASSOCIA-
TION, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County

No. 3725. Decided July 14, 1944.

Horace S. Kerr, Columbus, Ohio, James I. Boulger, Columbus, Ohio, for Plaintiff-Appellant.

Wiles & Doucher, Columbus, Ohio for Defendant-Appellee.

**OPINION**

BY THE COURT

The appellant moves for an "order granting him leave to file his bill of exceptions herein at the earliest possible date". This motion was filed May 31, 1944. The appellee moves for an affirmance of the judgment because no bill of exceptions is properly before this Court, it having been filed in the Common Pleas Court more than forty days after the overruling of the motion for a new trial and not filed in this Court

within fifty days after the overruling of the motion for a new trial.

The first and major question presented by both motions is the same, namely, was the bill of exceptions filed "in the cause" within the time fixed by §11564, G. C.

Appellant files two affidavits purposed to establsh compliance with the section, §11564 G. C. The parties have elaborately briefed the question on both motions.

An examination of the bill discloses that it was filed with the Clerk of the Common Pleas Court on the 26th of May, 1944, transmitted to the trial judge on June 5, 1944, and by him signed on that date. According to the transcript of docket and journal entries the motion for new trial was overruled March 22, 1944. So that, upon the record as it comes to us from the Common Pleas Court, it appears that the bill of exceptions was not filed with the clerk of the trial court within the time prescribed by the controlling section of the Code. If this is true, of course, any filing of the bill in this Court would be without effect.

We would be reluctant indeed to hold that the clerk of the Courts acting in his capacity as Clerk of the Common Pleas Court improperly dated the time when the bill was filed with him. This question is peculiarly one for the Judge of the Court for which the Clerk is serving. If the appellant is correct in his contention here, then we would be required to set aside the action of the Clerk of the Common Pleas Court which prima facie appears to be regular and correct. If there is to be a change of the date when this bill was filed with the Clerk of the Common Pleas Court that order should be made by the Judge of that Court who tried the case.

In view of the situation thus presented, we remand the files in this case, consistng of the transcript of docket and journal entries and the bill of exceptions, to the Common Pleas Court for consideration of the trial Judge. If counsel desire to present the subject matter of the affidavits filed here they may be filed with the Common Pleas Judge. Counsel may there urge the question which is here presented, namely, whether or not the date appearing on the bill of exceptions as the time when it was filed with the Clerk is correct or should be changed to another and different date in accordance with the claim of appellant.

It will be so ordered and the motions will be held in abeyance until such time as the Common Pleas Court has made determination of the question presented.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.